**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TERRY THOMPSON,

      Plaintiff,

vs.                                                 Case No:  3:13-cv-1010-J-34MCR

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI").  Plaintiff alleges he became disabled on January 15, 2010 (Tr. 160-67).  The applications were denied initially and on reconsideration (Tr. 52-59).  A hearing was held before the assigned Administrative Law Judge ("ALJ") on October 23, 2012, at which Plaintiff was represented by an attorney (Tr. 30-51).  The ALJ issued an unfavorable decision on November 14, 2012 (Tr. 9-22).

In reaching the decision, the ALJ found Plaintiff had the severe impairments of coronary artery disease with surgery residuals, anxiety, micturition syncope,[2] restless

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. §636(b)(1); Rule 72(b), Fed. R. Civ. P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] Micturition syncope is "fainting during or, more commonly, immediately after urination due to a severe drop in blood pressure."  Mayo Clinic, http://www.mayoclinic.org/diseases-conditions/vasovagal-syncope/expert-answers/micturition-syncope/faq-20058084 (last visited May 14, 2014).

1

leg syndrome and chronic obstructive pulmonary disease (Tr. 14). The ALJ found Plaintiff had the residual functional capacity to perform light work with a thirty-minute interval sit/stand option and with the following limitations:

> [T]he claimant is occasionally able to climb ramps and stairs, but should not climb ladders, ropes, or scaffolds. He should not be required to balance. He is limited to occasional stooping, bending, kneeling, crouching, and crawling. The undersigned also concludes the claimant should avoid concentrated exposure to extreme heat, respiratory irritants (such as dust, fumes, gases), wetness, humidity, work around moving mechanical parts, and work at unprotected heights. The claimant is limited to simple, routine repetitive tasks; can tolerate infrequent work-setting changes that are gradually introduced; and can adequately interact with co-workers/supervisors but is limited to occasional contact with the general public.

(Tr. 16-17).

Plaintiff has exhausted administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs and the applicable law. For the reasons stated herein, the undersigned respectfully **RECOMMENDS** the Commissioner's decision be **AFFIRMED**.

**I.     Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

Plaintiff raises one issue on appeal. Plaintiff argues the ALJ failed to fully and fairly develop the record regarding Plaintiff's chronic obstructive pulmonary disease ("COPD"), and thus failed to consider all of Plaintiff's impairments in combination. Plaintiff contends the ALJ should have ordered a spirometry test to determine the severity of his COPD. In response, the Commissioner contends the record contained sufficient evidence for the ALJ to evaluate Plaintiff's COPD, and the ALJ was under no obligation to order further evaluation.

While an ALJ has a basic duty to develop a full and fair record, the claimant nevertheless bears the burden of proving that he is disabled and, consequently, is responsible for producing evidence in support of his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The Regulations provide that, in general, the claimant has

to prove he or she is disabled.  20 C.F.R. § 404.1512(a).  To this end, the claimant must furnish medical and other evidence about his medical impairments and such evidence must be furnished about the effects of Plaintiff's alleged impairment(s) on the ability to work.  The burden of persuasion in establishing Plaintiff's disability remains with Plaintiff at steps one through four of the five step sequential evaluation process.  *Bowen v. Yukert*, 482 U.S. 137, 146 n.5 (1987).

The ALJ must supplement the record only when the medical evidence presented contains such evidentiary gaps that the ALJ would be prevented from making an informed decision.  *Graham v. Apfel*, 129 F.3d 1420, 1422-23 (11th Cir. 1997); *see also* 20 C.F.R. § 404.1519a(b) ("We may purchase a consultative examination to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim.").  In addition, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record."  *Graham*, 129 F.3d at 1423.

Here, contrary to Plaintiff's assertion, the record is not "silent" as to the severity of Plaintiff's COPD.  The record contains a spirometry report and pulmonary function report from January 2010 (Tr. 381, 522-25).  The physician who interpreted the report stated Plaintiff had moderate COPD and recommended Plaintiff use bronchodilators (Tr. 524).  The ALJ acknowledged Plaintiff had the severe impairment of COPD, which was evidence by the spiromtery, and found Plaintiff had restrictions in exposure to respiratory irritants and to extreme heat (Tr. 15, 19).  The ALJ discussed Plaintiff's testimony that he experienced shortness of breath with walking, pushing objects,

performing prolonged activities and matriculating steps, and that his breathing issues were precipitated by heat and humidity (Tr. 17, 39-40).  The ALJ also discussed Plaintiff's medical records in detail, including Plaintiff's history of COPD.  The ALJ described physical examinations in 2010 and 2011 in which providers indicated Plaintiff's lungs were clear and his COPD was under control and improved with treatment (Tr. 18-20, 574, 638-40).  The ALJ also noted medical reports reflected Plaintiff was a heavy smoker, which aggravated his coronary/pulmonary condition (Tr. 19).[3]  The ALJ concluded Plaintiff's medical record indicated he was able to physically and mentally function, even with his impairments (Tr. 20).  The ALJ's opinion shows the ALJ considered the medical evidence regarding COPD, found COPD to be a severe impairment, and accounted for the limitations imposed by Plaintiff's COPD in the RFC finding.  The undersigned finds the record contained sufficient evidence for the ALJ to evaluate Plaintiff's COPD, and substantial evidence supports the ALJ's determination of the limitations imposed by Plaintiff's COPD.  Plaintiff has failed to show any functional limitations resulting from Plaintiff's COPD that are greater than those found by the ALJ. Plaintiff's speculation that additional testing might have supported his claim is not a sufficient basis for requiring remand for further development of the record.

---

[3] Medical records reflect Plaintiff's physicians repeatedly counseled him to stop smoking (Tr. 398, 405, 447, 566, 574, 582).  Plaintiff's smoking habit undermines his claim of disabling limitations due to his respiratory condition. *See Sias v. Sec'y of Health and Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988); *Hatcher v. Astrue*, No. 2:11-cv-463-FtM-29DNF, 2012 WL 4078411, at *9 (M.D. Fla. Aug. 21, 2012), report and recommendation adopted at 2012 WL 4077328; *Habib v. Astrue*, No. 8:09-cv-82-T-17AEP, 2010 WL 1048956, at *10 (M.D. Fla. Mar. 10, 2010); *Holley v. Chater*, 931 F.Supp. 840, 847-48 (S.D. Fla. 1996).

Additionally, the ALJ's determination evidences consideration of the combined effect of Plaintiff's impairments. *See Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002) (holding ALJ's statement that the plaintiff did not have an impairment or combination of impairments listed in or medically equal to a listing constituted evidence that he had considered the combined effects of the plaintiff's impairments); *Jones v. Dept. of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (same). The undersigned finds the ALJ fulfilled his duty to consider Plaintiff's impairments in combination and to determine whether the combined impairments render Plaintiff disabled.

## III.  CONCLUSION

For the foregoing reasons, the undersigned finds the ALJ's decision is supported by substantial evidence and is based upon the proper legal standards. Accordingly, it is respectfully **RECOMMENDED** the Commissioner's decision be **AFFIRMED**.

**DONE AND ENTERED** in Jacksonville, Florida this 15th day of May, 2014.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record